# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-6080 PA (PLAx) | Date | July 13, 2018 |
|---|---|---|---|
| Title | Jeff Mezger v. Mercedes-Benz USA, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on July 12, 2018 by defendant Mercedes-Benz USA, LLC. ("Defendant"). (Docket No. 3, Ex. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Jeff Mezger ("Plaintiff") on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332, 1367(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."). A corporation is a citizen of any state

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6080 PA (PLAx) | Date | July 13, 2018 |
|---|---|---|---|
| Title | Jeff Mezger v. Mercedes-Benz USA, LLC, et al. | | |

where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990).

In an effort to establish complete diversity of citizenship, the Notice of Removal asserts that Plaintiff is a citizen of California. (Notice of Removal ¶ 5.) Meanwhile, the Notice of Removal provides that Defendant

> was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. The sole member of [Defendant] is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware operating out of Farmington Hills, Michigan. Neither [Defendant] nor its sole member is a citizen of the State of California.

(<u>Id.</u> at ¶ 6 (internal citations omitted) (citing Declaration of Benjamin P. Tarczy ISO Notice of Removal ¶ 7).)

However, the Notice of Removal does not affirmatively identify Defendant's citizenship, nor are the facts alleged sufficient to establish Defendant's citizenship. A defendant is presumed to know the facts surrounding its own citizenship. <u>See, e.g.</u>, <u>Leon v. Gordon Trucking, Inc.</u>, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); <u>Cretian v. Job1USA, Inc.</u>, No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Because Defendant is an LLC rather than a corporation, its principal place of business and state of formation do not establish its citizenship. <u>See</u> <u>Johnson</u>, 437 F.3d at 899. Furthermore, the information provided for Defendant's sole member is inadequate to establish Defendant's citizenship. Specifically, while Defendant identifies its sole member's place of incorporation, Defendant has failed to identify that member's principal place of business. <u>See</u> <u>Indus. Tectonics, Inc.</u>, 912 F.2d at 1092. Defendant's allegation that its sole member is not a citizen of California does not save its inadequate allegations of citizenship. <u>See</u> <u>Kanter</u>, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); <u>Lindley Contours, LLC v. AABB Fitness Holdings, Inc.</u>, 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity).

Because Defendant has not identified its member's principal place of business, it has failed to demonstrate that member's citizenship. By failing to demonstrate its member's citizenship, Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6080 PA (PLAx) | Date | July 13, 2018 |
|---|---|---|---|
| Title | Jeff Mezger v. Mercedes-Benz USA, LLC, et al. | | |

has failed to establish its own citizenship, and the Court cannot determine whether complete diversity of citizenship exists. Therefore, Defendant has not established that this Court has diversity jurisdiction over this action.

      Accordingly, Defendant has not met its burden to establish this Court's subject matter jurisdiction. The Court remands this action to Los Angeles County Superior Court, Case No. BC709682. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.